IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILFREDO PINEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2179 |
| | § | |
| ELAINE DUKE, ACTING SECRETARY | § | |
| OF HOMELAND SECURITY, and MARK | § | |
| SIEGL, FIELD OFFICE DIRECTOR | § | |
| U.S. CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES,[1] | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION

Pending before the court[2] are Plaintiff's Motion for Summary Judgment (Doc. 26) and Defendants' Motion for Summary Judgment (Doc. 27). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

### I. Case Background

On July 29, 2015, Plaintiff filed this action seeking judicial

---

[1] Jeh Johnson was the Secretary of Homeland Security and Rick Hamilton was the Houston Field Office Director for U.S. Citizenship and Immigration Services ("USCIS") at the time that Plaintiff filed this case but neither still holds these positions. Elaine Duke is the acting Secretary of Homeland Security and Mark Siegel is the Houston Field Office Director of USCIS, and, as such, are automatically substituted as Defendants. See Fed. R. Civ. P. 25(d).

[2] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 21, Ord. Dated Mar. 17, 2016.

review of the denial of his petition for naturalization pursuant to 8 U.S.C. § 1421(c).[3] The facts in this case are not in dispute.

Plaintiff is from Honduras and has had lawful permanent residence status in the United States since November 1996.[4] On January 25, 2000, he pleaded guilty to felony cocaine possession and was sentenced to eleven months imprisonment, which was suspended in lieu of two years probation.[5]

Following that conviction, in November 2007, Plaintiff returned to Honduras for two weeks.[6] Upon his return, the United States Customs and Border Protection determined him to be inadmissible based on his controlled substance conviction.[7] Removal proceedings were initiated pursuant to 8 U.S.C. § 1229a, and Plaintiff was paroled into the United States pending the completion of his removal hearing.[8]

While in removal proceedings, Plaintiff filed an application for naturalization and moved the immigration court to terminate the removal proceedings pursuant to 8 C.F.R. § 1239.2(f) in order to allow his application for naturalization to be adjudicated.[9] The

---

[3] See Doc. 1, Pl.'s Compl.

[4] See Doc. 25, Admin. R. pp. 53, 215.

[5] See id. pp. 54-58, 71.

[6] See id. p. 36.

[7] See id. pp. 145-46, 711-12.

[8] See id.

[9] See id. pp. 471-72.

2

immigration judge denied Plaintiff's motion to terminate on the basis that she could not terminate removal proceedings without making a determination that Plaintiff was prima-facie eligible for naturalization.[10] Thereafter, the immigration judge ordered Plaintiff's removal from the United States.[11]

While that decision was on appeal to the Board of Immigration Appeals ("BIA"), another arm of the Department of Homeland Security, Immigration and Customs Enforcement, moved to terminate the removal case based on its prosecutorial discretion, citing "current enforcement priorities."[12] Plaintiff opposed this motion because it would render his eligibility for naturalization undecided.[13] The BIA granted the motion, and the removal proceeding was deemed terminated on June 10, 2013.[14]

In its decision the BIA stated:

> [Plaintiff] does not dispute that, as a result of this conviction, he was properly designated as an arriving alien seeking admission when returned from a trip abroad in 2007. Section 101(a)(13)(C)(v) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(13)(C)(v)(providing that a returning lawful permanent resident shall be regarded as seeking admission if he has committed an offense in section 212(a)(2)). He also concedes that he is inadmissible under section 212(a)(2)(A)(i)(II) of the

---

[10] See id. pp. 418-21.

[11] See id.

[12] See id. pp. 114-17.

[13] See id. pp. 385-403.

[14] See id. pp. 114-17.

Act and ineligible for relief in removal proceedings.[15] The BIA concluded that the immigration judge properly relied on its controlling precedent in In re Acosta-Hildalgo, 24 I&N Dec. 103 (BIA 2007), which held that unless there was an affirmative communication from the Department of Homeland Security's Citizenship and Immigration Service ("USCIS") stating that the person was prima-facie eligible for naturalization, the removal proceeding must be completed.[16] In its decision, however, the BIA lamented the effect of In re Acosta-Hildalgo because it precluded the ability of the immigration judge to make an independent determination of prima-facie eligibility if USCIS failed to do so.[17] Nonetheless, the BIA declined to revisit Matter of Acosta-Hildalgo.[18]

Plaintiff filed a second application for naturalization in August 2013 and was interviewed in February 2014.[19] On June 2014, Defendants denied his application for naturalization on the grounds that Plaintiff was not lawfully admitted to the United States after his return from Honduras in 2007.[20] Plaintiff appealed this

---

[15]  See id. pp. 115-16.
[16]  See id. pp. 116-17.
[17]  See id.
[18]  See id.
[19]  See id. pp. 33-43.
[20]  See id. pp. 12-13.

decision, which was upheld in April 2015.[21] Plaintiff seeks de novo review of USCIS's decision denying his petition for naturalization on the ground that he was not "admitted" upon his 2007 arrival to the United States.[22]

## II. Legal Standards

### A. Summary Judgment

Summary judgment is warranted when the evidence reveals that no genuine dispute exists on any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at 248).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits

---

[21] See id. pp. 28-32.

[22] See Doc. 1, Pl.'s Compl.

5

that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (1992). If the moving party carries its burden, the nonmovant may not rest on the allegations or denials in his pleading but must respond with evidence showing a genuine factual dispute. Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)).

Cross-motions for summary judgment are considered separately under this rubric. See Shaw Constructors v. ICF Kaiser Eng'rs, 395 F.3d 533, 538-39 (5th Cir. 2004). Each movant must establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, and the court views the evidence in favor of each nonmovant. See id.; Tidewater Inc. v. United States, 565 F.3d 299, 302 (5th Cir. 2009)(quoting Ford Motor Co. v. Tex. Dep't of Transp., 264 F.3d 493, 499 (5th Cir. 2001)).

**B. Review of Denial of Naturalization Petition**

Pursuant to 8 U.S.C. § ("Section") 1421(c), an applicant for naturalization is entitled to seek judicial review of the denial of his application in a United States District Court. Section 1421(c) states that "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law, and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c). The court is not bound by administrative findings and conclusions pertaining to the denied

petition but may make its own findings based on a de novo review. Aparicio v. Blakeway, 302 F.3d 437, 445 (5th Cir. 2002).

### III. Analysis

In their motion, Defendants argue that Plaintiff does not meet the eligibility criteria required for naturalization. Specifically, Defendants assert that Plaintiff was inadmissible upon return to the United States from a trip to Honduras due to his prior felony conviction for possession of a controlled substance in 2000 and therefore is ineligible for naturalization. Plaintiff contends that he is eligible for naturalization because he was not seeking admission when he re-entered the country, never lost his lawful permanent resident status, and meets the residence and physical presence requirements for naturalization. Therefore, the issues in this case are whether Plaintiff was inadmissible upon his return to the country, and, if so, whether this renders him ineligible for naturalization.

Plaintiff bears the burden to show by a preponderance of the evidence that he is entitled to naturalization. 8 C.F.R. § 316.2(b); see also Beryenyi v. Dist. Dir., Immigration & Naturalization Serv., 385 U.S. 630, 637 (1967). "Naturalization is available only as provided by Acts of Congress and, even then, only in strict compliance with the terms of such acts." Bustamante-Barrera v. Gonzales, 447 F.3d 388, 394 (5th Cir. 2006)(internal quotation marks omitted). In naturalization cases, all doubts must

be resolved in the United States' favor. Id. (citing Berenyi, 385 U.S. at 637).

Pursuant to the Immigration and Nationality Act, the terms "admission" or "admitted" "mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). "An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien . . . has committed an offense identified in section 1182(a)(2) of this title." 8 U.S.C. § 1101(a)(13)(C)(v). Offenses under Section 1182(a)(2) include crimes of moral turpitude and violations of laws or regulations regarding a controlled substance. 8 U.S.C. § 1182(a)(2). Controlled substances are defined under 21 U.S.C. § 802(6) as Schedule I, II, III, IV, V drugs or other substances. Cocaine is considered a Schedule II drug. 21 U.S.C. § 812(c), Schedule II(a)(4).

Defendants contend because Plaintiff committed an offense involving a controlled substance, namely, possession of cocaine, he became an alien seeking admission upon his return from Honduras, and, therefore, is not eligible for naturalization. Plaintiff asserts that because he is still a lawful permanent resident, he was lawfully admitted and may be naturalized.

The Fifth Circuit has not directly addressed this question in

8

the context of eligibility for naturalization.  However, in the removal context, the Fifth Circuit has found that lawful permanent residents are deemed to be seeking admission upon their return into the United States.  For example, in Munoz v. Holder, 755 F.3d 366, 368 (5th Cir. 2014), a lawful permanent resident committed a crime of moral turpitude prior to traveling to Mexico for two weeks.  In interpreting Section 1101(a)(13)(C) and 1182(a)(2), the Fifth Circuit stated that "on return from foreign travel, such an alien is treated as a new arrival to our shores, and may be removed from the United States."  Id. (internal quotation marks omitted)(quoting Vartelas v. Holder, 566 U.S. 257, 265 (2012)).  In Malagon de Fuentes v. Gonzales, 462 F.3d 498, 500-02 (5th Cir. 2006), the plaintiff traveled out of the country to Mexico for a day, and upon her return, the Fifth Circuit, again looking to those same statutes, considered her an inadmissible arriving alien because she had committed a crime of moral turpitude.

Additionally, the Supreme Court has stated that "lawful permanent residents returning post-IIRIRA may be required to seek an admission into the United States."  Vartelas, 566 U.S. at 262-63 (internal quotations marks omitted).  The Supreme Court stated that, when returning from traveling abroad, a lawful permanent resident who committed a crime of moral turpitude is treated as a new arrival and that "[a]n alien seeking 'admission' to the United States is subject to various requirements, see, e.g., § 1181(a),

9

and cannot gain entry if [he] is deemed 'inadmissible' on any of the numerous grounds set out in the immigration statutes, see § 1182." Id. at 263.

These cases demonstrate that the Fifth Circuit and Supreme Court have interpreted these statutes to mean that a lawful permanent resident who travels out of the country is to be treated as seeking admission upon their return to the United States and is inadmissible if previously convicted of a crime falling under Section 1182(a)(2). The court finds no reason to interpret these statutes differently in Plaintiff's case. Plaintiff cites Martinez v. Mukaskey, 519 F.3d 532, 536 (5th Cir. 2008), for the proposition that there is a difference between entry and post-entry adjustment of status. However, in this case, unlike in Martinez, Plaintiff left the United States. As Munoz, Malagon, and Vartelas demonstrate, lawful permanent residents such as Plaintiff are treated as aliens seeking admission upon re-entry, even for short trips out of the country. Due to his conviction, Plaintiff was inadmissible upon his return under 8 U.S.C. § 1182(a)(2).

Next, the court must determine whether this inadmissibility makes Plaintiff ineligible for naturalization. 8 U.S.C. § 1427 requires that a person be lawfully admitted for permanent residence to be eligible for naturalization. See 8 U.S.C. § 1427. Plaintiff contends that, because he never lost his lawful permanent resident status, he was lawfully admitted for permanent residence.

10

Defendants argue that allowing Plaintiff to naturalize would violate the statutes and regulations.

The applicable regulation, 8 C.F.R. § 316.2(b), requires that the applicant for naturalization demonstrate that he "was lawfully admitted as a permanent resident to the United States, in accordance with the immigration laws in effect at the time of the applicant's initial entry or any subsequent reentry." Plaintiff contends that this means that a lawful permanent resident only must obtain the status at some time in the past but does not have to show lawful admission for permanent residence every time that he enters the country. The court disagrees with this interpretation. "Lawfully admitted for permanent residence" is defined in Section 1101(a)(20) to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(2).

Plaintiff, a lawful permanent resident, sought reentry into the United States upon his return from Honduras. And, upon reentry, it was found that he was inadmissible due to his conviction for possession of a controlled substance, a fact that is undisputed. In the context of removal proceedings, the Fifth Circuit has treated lawful permanent residents returning to the country as arriving aliens seeking admission if they have committed a disqualifying offense. Therefore, Plaintiff cannot demonstrate

that he was lawfully admitted as a permanent resident in accordance with the immigration laws at the time of his subsequent reentry. At this time, Plaintiff has not met his burden to demonstrate that he meets the strict requirements of eligibility for naturalization.

### IV. Conclusion

Based on the foregoing, the court **GRANTS** Defendants' motion for summary judgment and **DENIES** Plaintiff's motion.

**SIGNED** in Houston, Texas, this 11th day of September, 2017.

_____
U.S. MAGISTRATE JUDGE